IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Criminal Action No. 5:06CR36
                                                    (STAMP)

RICHARD MANSUETTO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**MEMORIALIZING PRONOUNCED ORDER AT SENTENCING**

On June 20, 2006, the United States filed a one-count information against the defendant, Richard Mansuetto ("Manusetto"), charging him with one count of on or about October 18, 2005 knowingly possessing a computer disc and other material containing an image of child pornography that had been mailed and shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(5)(B).

On June 16, 2006, Mansuetto entered into a plea agreement with the United States through which he agreed to plead guilty to the one-count information. Subsequently, on June 28, 2006, defendant Mansuetto appeared at the hearing before the undersigned, waived prosecution by indictment and plead guilty to the one-count information. The defendant was then released on a personal recognizance bond under certain standard conditions of pretrial supervision. There have been no suggestions as to any violations of such bond during pretrial supervision.

Under the terms of the plea agreement, the United States entered into certain nonbinding recommendations, including the recommendation as to acceptance of responsibility including the additional one-level reduction pursuant to United States Sentencing Guideline § 3E1.1(b). The United States also recommended that the defendant be sentenced at the lower end of the advisory Guideline range.

Further, the plea agreement contained a stipulation in which the parties agreed that the total relevant conduct of the defendant with regard to the information include the stipulation that in October 2005 that law enforcement officers had seized computers and CD-ROMS belonging to defendant Mansuetto and had examined them forensically to determine their contents. It was further stipulated that that examination showed that the defendant was in possession of electronically saved and stored images of child pornography. The parties also agreed that the offense contained in the information involved the use of a computer and interactive computer service for the possession of the material. In addition, the parties have agreed that the offense involved more than six hundred (600) images of child pornography. The parties also agreed that the offense involved images and videos that depicted prepubescent minors and minors that had not obtained the age of twelve years. Finally, the parties stipulated that the offense involved images and videos that portrayed sadistic and masochistic conduct.

At the conclusion of the plea hearing on June 28, 2006, this Court accepted the defendant's plea of guilty to the one-count information, deferred adjudging the defendant guilty and deferred accepting or rejecting the proposed plea agreement because of the nonbinding recommendations contained therein.

Following the plea hearing, this Court received and reviewed the presentence investigation report prepared by United States Probation Officer Leslie A. Stocking.

Following receipt of the presentence report, this Court scheduled this matter for sentencing on October 2, 2006. In that scheduling order, the Court directed that any motions for a departure or variance by a party should be filed on or before September 18, 2006 and that any response to any such motions for departure or variance should be filed on or before September 25, 2006. Following the acceptance of the plea agreement and up to the time of sentencing, this Court has received and reviewed numerous letters on behalf of defendant Mansuetto from various friends, business associates and other colleagues.

On September 18, 2006, defendant Mansuetto, by his counsel, filed a sentencing memorandum in support of Mansuetto's motion for downward departure (or variance). On September 28, 2006, the United States filed a sentencing memorandum and on September 29, 2006, defendant filed a reply to the government's memorandum.

While titled "Defendant Richard Mansuetto's Sentencing Memorandum in Support of his Motion for Downward Departure," that

3

memorandum also sets forth various reasons why the defendant is not only entitled to a departure from the Sentencing Guidelines but is also entitled to a variance from the advisory Guidelines.

In the sentencing memorandum, defendant argues that he should receive a departure from the advisory Guidelines under U.S.S.G. § 5H1.1 (Age), § 5H1.4 (Physical Condition or Appearance), § 5H1.3 (Mental and Emotional Conditions), § 5H1.2 (Education and Vocational Skills), § 5H1.5 (Employment Record) and § 5H1.6 (Family Ties and Responsibilities but only as it applies to the fine). The policy statements under each of the above Guidelines specifically state that age, educational and vocational skills, mental and emotional conditions, physical condition or appearance, employment record, and family ties and responsibilities are not <u>ordinarily</u> relevant in determining whether a departure may be warranted. The policy statements indicate that, in some circumstances, factors exist which may be reasons to depart downward under the above-mentioned Guidelines. While these factors are not "ordinarily" relevant in determining whether a sentence should be outside the Guidelines as a departure, there are indications that in <u>extraordinary</u> cases, the above-mentioned offender characteristics might justify a departure from the otherwise applicable Guideline imprisonment range. The Sentencing Commission has indicated that it intends that sentencing courts treat each Guideline as carving out a "heartland" set of typical cases embodying the conduct that each Guideline describes so that when a court finds an atypical

case, one to which a particular Guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted. The Guidelines set forth some specific examples where there are factors that the court cannot take into account as grounds for departure. The Sentencing Commission, however, has made it clear that with those specific exceptions, the Commission did not intend to limit the kind of factors (whether or not mentioned anywhere else in the Guidelines) that could constitute grounds for departure in an unusual case. See U.S.S.G. § 1A.1.1 Application Note 4(b).

This Court has analyzed the Guidelines and has reviewed the case law dealing with the above-mentioned considered departures and believes that with one exception, a departure is not warranted in this case. The defendant's age is not a factor in this Court's opinion regarding a departure, except as it might be considered in connection with his physical condition relating to his present illness. While Sentencing Guideline § 5H1.4 indicates that an extraordinary impairment may justify an alternative to imprisonment, the Fourth Circuit has held that it also does not preclude the possibility that such an impairment might also warrant a shorter sentence. See United States v. Ghannam, 899 F.2d 327, 329 (4th Cir. 1990). In paragraph 73 of the presentence report, the United States Probation Officer states, in part: "The defendant indicated that his overall health is good, but that he suffers from high blood pressure and bladder cancer. Medical records received

from Hugo H. Andreini, Jr., M.D., the defendant's treating physician, indicate that the defendant receives what is known as BCG (Bacille Calmette-Guerin) treatment every three months for three consecutive months to treat his recurrent bladder carcinoma or cancer.  Dr. Andreini testified to these matters in detail at the sentencing hearing.  In his sentencing memorandum, the defendant states that the administration of BCG treatments are to prevent the growth of cancerous tumors within his bladder and Dr. Andreini confirmed these facts.  The memorandum further states that the defendant has suffered from bladder cancer since 2002 but that under established protocols, he must undergo bladder infusion treatments which includes the BCG chemical.  The sentencing memorandum describes in some detail the procedure and so has Dr. Andreini.  The memorandum also sets forth a description provided by the defendant's wife which further sets forth the procedure in further detail and this Court believes that Dr. Andreini has confirmed that description.

The memorandum stated that between the BCG treatments, the defendant undergoes a cystoscopy allowing Dr. Andreini to examine the inside of the bladder to insure that new tumors have not commenced growing.  The defendant obviously requires certain medical and nursing expertise in the administration of these procedures and this Court concludes that defendant's condition is serious and that the described procedures are invasive, uncomfortable, time consuming and probably painful.  This Court has

reviewed the records of Dr. Andreini in the presentence report and has heard his testimony and finds that such records adequately and accurately reflect defendant's bladder cancer and physical condition without going into further detail.

Although recognizing the limited circumstances and situations in which medical condition justifies a downward departure, the Court believes that the defendant is entitled to one (1) level departure pursuant to U.S.S.G. § 5H1.4 as this Court believes that the defendant's bladder cancer or carcinoma does constitute an extraordinary physical impairment and is a permitted reason to depart under U.S.S.G. § 5H1.4.  Further, this Court believes that, to the extent that such physical impairment and condition may not be deemed an appropriate grounds for departure, the Court believes, in the alternative, that it is an appropriate ground for a variance as part of the analysis set forth below:

Pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Sentencing Guidelines are now determined to be advisory.  Id. at 768.  While the discretion of the sentencing court is no longer bound by the range prescribed by the Guidelines, the Court is still required to consult the Guidelines and take them into account when sentencing.  Id. at 745.  After consulting the Guidelines, the court "shall consider . . . those factors set forth in § 3553(a) before imposing the sentence." United States v. Hughes, 396 F.3d 374, 379 (4th Cir. 2005).  In imposing a sentence after Booker, the court must engage in a multi-

step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable Guideline range.  Next, the court must "determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors,'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).  District courts should first look to whether a departure is indicated based on the Guidelines manual or relevant case law.  When an appropriate basis for departure exists, the district court may depart.  If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-Guideline sentence (a "variance sentence").  The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the Guideline range.  The Fourth Circuit has been explicit in indicating that the explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact, if necessary.  See United States v. Green, 436 F.3d at 455-56.  The Fourth Circuit in Moreland has indicated that the district court need not discuss each factor set forth in § 3553(a) "in checklist fashion" but rather it is enough to calculate the range accurately and explain why (if the sentence lies outside it), this defendant deserves more or less.  A sentence that falls within the properly calculated advisory Guideline range is entitled to a rebuttable presumption of reasonableness.

However, the Fourth Circuit has clearly indicated that this principle does not mean that a variance sentence is presumptively unreasonable because such a determination would transform an "effectively advisory" system into an effectively mandatory one.

This Court has endeavored to follow the above procedures outlined by the Fourth Circuit regarding departure and variance following <u>Booker</u>.

As stated above, this Court believes that a traditional downward departure under U.S.S.G. § 5H1.4 is applicable due to a showing in this case of an extraordinary physical impairment but that a traditional departure on any other grounds is not warranted under the circumstances.

However, this Court does believe that a "variance" from the advisory Guidelines is warranted.

Before this Court explains why it will impose a variance sentence under an analysis of § 3553(a) factors, it is important to note some of the reasons why this Court is <u>not</u> imposing a variance. First, this Court believes that the United States Probation Officer has correctly followed the 2005 Guideline Manual and not, as defendant argues, the earlier edition which admittedly would have yielded a lower advisory Guideline range. Secondly, this Court does not believe that the crime of conviction in this case is a "victimless" crime, even though there are no identifiable victims of the offense. The defendant does not argue that this is a victimless crime. In a sense, society is a victim and, in a sense,

the children portrayed in the pictures are victims, even though as pointed out by the Probation Officer in the presentence report, there are no identifiable victims. This Court believes that a variance sentence will still reflect the seriousness of the offense, which is possession of child pornography. Defendant has not been charged with pedophilia, which has been defined to involve the molestation of children.

This Court believes that a variance sentence of four (4) levels (taking into consideration the one (1) level departure or five (5) levels if the departure is not considered applicable) addresses the statutory factors set forth in 18 U.S.C. § 3553(a)(1) because it considers the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant has a criminal history category of I based upon 0 criminal history points. The presentence report reflects no juvenile adjudications or adult convictions. There are no other pending charges, arrests or criminal conduct. There is no evidence of obstruction of justice and this Court has found that defendant is entitled to acceptance of responsibility.

Next, a variance sentence of the amount identified satisfies § 3553(a)(2)(B). This variance sentence below the advisory Guideline range will still reflect the seriousness of the offense, promote respect for the law and provide just punishment just as adequately as a sentence within the Guideline range. This sentence will still reflect a considerable period of incarceration to be

followed by a period of supervised release with standard conditions and special conditions which have been adopted by this Court in these kinds of cases that are extremely comprehensive and restrictive.

Pursuant to § 3553(a)(2)(B), this Court finds that the variance sentence will afford adequate deterrence to criminal conduct. This Court believes that the defendant will be of low risk, a belief supported by the opinion of James M. Harding, Ph.D. in his report dated August 15, 2006, a copy of which is attached to the presentence report. Dr. Harding did amplify these opinions in his testimony to indicate that his opinion is based upon the presently recognized scoring for a sex offenses that is not addressing cyber sex crimes.

For the same reasons, pursuant to § 3553(a)(2)(C), a variance sentence protects the public from further crimes. A sentence shorter than 78 to 97 months under the advisory Guidelines in this Court's view is more reasonable because it will enable the defendant to earlier resume a place in the community and again become a productive citizen as he has been in the past, a confidence hopefully not misplaced. The defendant has served as an independent director of a local bank, as the head of several advertising and public relations firms, and as a church school teacher. It is indicated that he has been involved in numerous community service activities. Of course, this Court believes that service to the community is a privilege and a duty and, therefore,

this Court does not mean to imply that one who has had the privilege of serving should automatically be held to a less stringent standard.  However, this Court finds that the substantial amount and degree of the defendant's community service, coupled with the apparent consistency and length of time over which the defendant has served merits some consideration as a positive sentencing factor in arriving at a variance sentence.

The factors under § 3553(a)(2)(B), the need to provide defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner is not addressed because it yields the same result both as a Guideline sentence or as a variance sentence, except to note that this Court believes that defendant can receive adequate medical care when appropriately designated by the Federal Bureau of Prisons under its medical care level classification system.

A variance sentence does not bring about, in this Court's view, an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. § 3553(d)(6).

Accordingly, based upon the above analysis of the § 3553 factors, this Court finds that a variance of four (4) levels combined with the traditional departure of one (1) level is to be imposed.  This yields a Guideline range of imprisonment of forty-six (46) to fifty-seven (57) months, a period of supervised release of two (2) to three (3) years and a fine range of ten thousand

dollars ($10,000.00) to one hundred thousand dollars ($100,000.00). All other Guideline range findings under the advisory Guidelines remain the same. If the departure of one (1) level is deemed inappropriate, then that departure should be considered a variance and the range of imprisonment, etc. would remain the same.

The sentence imposed by this Court has been or will be reflected in the judgment order of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: October 3, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE